IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRANDY GRIFFIN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO._____ |
| | § | |
| APL MARITIME, LTD, | § | |
| | § | IN ADMIRALTY |
| SERVE ON: | § | |
| Resident Agent | § | |
| APL Maritime, Ltd. | § | |
| 6901 Rockledge Drive | § | |
| Suite 200 | § | |
| Bethesda, Maryland 20817 | § | |
| | § | |
| and | § | |
| | § | |
| TERN SHIPHOLDING CORPORATION, | § | |
| | § | |
| SERVE ON: | § | |
| The Corporation Trust Incorporated | § | |
| 351 West Camden Street | § | |
| Baltimore, MD 21201 | § | |
| Resident Agent | § | |
| | § | |
| and | § | |
| | § | |
| The *M/V American Tern* | § | |
| her tackle, freights, apparel, and engines, | § | |
| | § | |
| Defendants. | § | |

## **COMPLAINT**

Plaintiff, Brandy Griffin, by and through her undersigned counsel, hereby brings this action against Defendants APL Maritime, Ltd., Tern Shipholding Corporation and the *M/V American Tern*, and for cause of action would respectfully show this Honorable Court as follows:

## FACTS COMMON TO ALL COUNTS

### PARTIES

1. Plaintiff, Brandy Griffin, is a resident of Harris County, Texas.

2. Defendant, APL Maritime, Ltd. (hereinafter "APL") is a Delaware Corporation, with its principal offices located in Bethesda, Maryland and may be served by serving its resident agent at APL Maritime, Ltd., 6901 Rockledge Drive, Suite 200, Bethesda, Maryland 20817.

3. Defendant, Tern Shipholding Corporation (hereinafter "Tern") is a Delaware Corporation, doing business in Maryland and may be served by serving its resident agent, The Corporation Trust Incorporated, 351 West Camden Street, Baltimore, MD 21201.

4. The *M/V American Tern* ("Vessel") is an ocean going vessel traversing international and United States waters, owned or operated by Defendant Tern Shipholding Corporation.

### JURISDICTION

5. The Court has jurisdiction over the subject matter of this lawsuit pursuant to General Maritime Law, the Jones Act 46 U.S.C. App.§ 30104, et seq and Seaman's Act 28 U.S.C. § 1916.

6. The Court has personal jurisdiction over Defendants pursuant to 28 U.S.C. § 1333 as the actions complained of herein sound in admiralty or maritime law.

### VENUE

7. Venue is proper in the District of Maryland, pursuant to 28 U.S.C. § 1391, as Defendant APL and Defendant Tern both maintain principal offices in Maryland.

**FACTUAL BACKGROUND**

8. Upon information and belief, at all relevant times, Defendant Tern Shipholding Corporation owned and operated the *M/V American Tern*.

9. At all relevant times, Plaintiff was employed by Defendant APL Maritime, Ltd. and was a member of the crew on the *M/V American Tern.*

10. At the time Plaintiff was employed on the Vessel, she was a strong, robust, and able-bodied person with a substantial earning capacity and prospects for advancement in earning capacity.

11. On or about July 31, 2009, while in the scope of her employment with Defendant Tern, and while serving aboard the *M/V American Tern*, Plaintiff was injured when, while mopping a passageway, she was struck in the back by a steel door being opened by the third mate.

12. As a direct result of the aforesaid occurrence, Plaintiff sustained serious, painful and permanent injuries to her back and body.  Plaintiff has required extensive medical care and attention; Plaintiff may require further medical care in the future, for all of which she has or will incur expenses; Plaintiff has suffered, is presently suffering, and will likely continue to suffer great pain and agony; Plaintiff has lost and will continue to lose large sums of money which she might otherwise have earned; Plaintiff has been prevented from engaging in her usual duties and activities; and further, she likely will be permanently, partially disabled as a result of said injuries.

## COUNT I

### Maintenance and Cure
### Defendant APL Maritime, Ltd.

13. As a direct result of the injuries sustained by the Plaintiff, as aforesaid, and without regard to the issues of negligence or unseaworthiness set forth below, Defendant APL Maritime, Ltd., Plaintiff's employer, became obligated to provide the Plaintiff with the means by which to sustain and maintain herself while receiving medical care and attention.

14. Defendant APL breached its absolute duty to provide Plaintiff with maintenance and cure. As a result of Defendant's unreasonable failure to provide maintenance and cure, Plaintiff is entitled to recover for damages and expenses incurred, including but not limited to, damages for prolongation or aggravation of injuries; pain and suffering and additional expenses. Plaintiff would also show that she found it necessary to engage attorneys to represent her in the maintenance and cure action and she is entitled to reasonable attorney's fees for the collection of the maintenance and cure benefits due to her as well as punitive damages for the arbitrary and capricious denial of said benefits.

## COUNT II

### Negligence of Defendant Tern Shipholding Corporation

15. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 14 as if fully set forth herein.

16. Plaintiff's injuries were caused by the negligence of Defendant Tern in that it failed to provide a safe and seaworthy vessel and failed to provide a safe place to work. Defendant Tern knew, or reasonably should have known, the conditions necessary for

Plaintiff to safely perform her duties, yet failed to provide conditions necessary for the safe performance of the job assigned to Plaintiff.

17. Defendant Tern was negligent and the Vessel was unseaworthy for the following reasons:

    (a) Plaintiff was not provided a safe place to work;

    (b) The deck where the Plaintiff was assigned to work was unfit and unsafe for Plaintiff and other members of the crew;

    (c) Plaintiff was ordered to work on an unfit and unsafe vessel when Defendant Tern knew or should have known of the poor and dangerous condition of the Vessel;

    (d) Plaintiff was not adequately warned of the negligent, unsafe and unseaworthy conditions present;

    (e) Defendant Tern was otherwise negligent with no negligence on the part of the Plaintiff contributing thereto.

## COUNT III

### Unseaworthiness (Tern Shipholding Corporation and *M/V American Tern)*

18. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 17 as if fully set forth herein.

19. All of said injuries, damages, and losses sustained by the Plaintiff were a direct result of the failure of Defendant Tern to provide her with a safe and seaworthy vessel, and/or as a direct result of the failure of the Defendant to provide and maintain a proper, safe, and seaworthy condition, operation, equipment, appurtenances, crew, and tools of said vessel.

## DAMAGES APPLICABLE TO ALL COUNTS

WHEREFORE, as a direct and proximate result of Defendants' conduct, Plaintiff suffered the following injuries and damages:

a.  Plaintiff has been forced to incur reasonable and necessary medical expenses in the past, and in all reasonable medical probability, will continue to incur reasonable and necessary medical expenses in the future;

b.  Plaintiff has endured physical pain and suffering in the past, and in all reasonable medical probability, will continue to suffer same into the future;

c.  Plaintiff has suffered mental anguish in the past, and in all reasonable medical probability, will continue to suffer same into the future;

d.  Plaintiff has suffered physical impairment in the past and, in all reasonable medical probability, will continue to suffer same into the future;

e.  Plaintiff has suffered physical disfigurement in the past and, in all reasonable medical probability, will continue to suffer same into the future;

f.  Plaintiff has lost earnings in the past and, in all reasonable probability, will sustain a loss of earning capacity in the future; and,

g.  Plaintiff has suffered a past loss of found damages and, in all reasonable probability, will sustain a loss of found damages in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks for judgment against Defendants for the following:

1.  Actual damages;

2.  Punitive damages;

3.  Attorneys' fees;

4.  Pre-judgment interest and post-judgment interest at the maximum legal rate;

5.  Costs of court; and,

6.  Any and all further relief, be it general or special, at law or in equity, to which she may show herself justly entitled.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury upon all issues arising in this action.

Dated: October 15, 2010.

    /s/ R. Todd Elias
R. Todd Elias
Gordon, Elias & Seely, L.L.P.
1811 Bering Drive
Suite 300
Houston, Texas  77057
Phone     (713) 668-9999
Fax         (713) 668-1980
rtelias@geslawfirm.com
(Motion for Admission Pro Hac Vice being filed simultaneously)

    /s/ W. Charles Bailey, Jr.
W. Charles Bailey, Jr.  (#23580)
Simms Showers, LLP
Twenty South Charles Street, Suite 702
Baltimore, Maryland 21201
Phone     (410) 783-5795
Fax         (410) 510-1789
wcbailey@simmsshowers.com

Counsel for Plaintiff